FRANCO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Arecibo.

No. 25.—Decided March 30, 1907.

CANCELLATION—CAUTIONARY NOTICE.—Cancellation of a cautionary notice may be ordered among other cases, when by final judgment from which no appeal has been taken or which if appealed from has been affirmed, the defendant is acquitted or relieved of all liability under the complaint, the cautionary notice of which is entered in accordance with subdivision 1 of article 42 of the Mortgage Law.

ID.—Where a final judgment is rendered dismissing a complaint which was the object of the cautionary notice, the fact that in the judgment it is not expressly ordered that such cautionary notice be canceled is no obstacle to the cancellation thereof, nor does it constitute an infraction of articles 82 and 84 of the Mortgage Law, because in this case the cautionary notice is without any purpose as provided by subdivision 2 of article 140 of the regulations for the execution of said law.

The facts are stated in the opinion.

*Mr. García Cuervo* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Emilio García Cuervo on behalf of Ignacio Franco y Alonso from a decision of the Registrar of Property of Arecibo, refusing to cancel a cautionary notice.

A complaint was filed in an ordinary action in the district court by Antonio Puente y Leal and, subsequently, continued by his assignee, Dionicia Puente y Leal, against José Miranda y Pérez and his wife, Dionicia Freytes, and José Arturo Freytes, for the recovery of a sum of money and the rescission or annulment of the contract of purchase and sale of an estate of 125 *cuerdas* of land situated in the *barrio* of Río-Arribas Poniente, in the municipal district of Manatí, of which action a cautionary notice was made in the Registry of Property of Arecibo. The action was duly prosecuted, and the said district court rendered judgment, affirmed on appeal by this Supreme Court, dismissing the complaint or holding that the rescission of the contract of the purchase and sale of the estate in reference did not lie, and adjudging the defendant, José Miranda y Pérez, to pay to the plaintiff the sum of 5,358.01 *pesos,* provincial currency, with the proper reduction to United States currency, and the costs against the appellant. This judgment became final owing to the fact that no appeal was taken therefrom.

A certified copy of said judgment was presented to the Registrar of Property of Arecibo by Ignacio Franco y Alonso, as the owner of the estate in question, for the cancellation of

the cautionary notice of the complaint which had been made therein, and the registrar refused to make such cancellation on the grounds set forth in the decision placed at the end of said document, which reads as follows:

"The cancellation referred to in the preceding note is denied on the ground that the document presented for such purpose is not a sufficient title, in that the cautionary notice of the complaint having been entered under a judicial mandate, its cancellation can be made only by virtue of a document of the same class, in accordance with the provisions of the Mortgage Law in force, articles 82 and 84 thereof. And in compliance with the provisions of section 7 of the Act of March 1, 1902. a cautionary notice, effective for a period of 120 days, has been entered at folio 47 of volume 16 of Manatí, estate No. 410, duplicate, record letter C.—Arecibo, November 7, 1906."

Attorney Emilio García Cuervo took an appeal from this decision on behalf of Ignacio Franco y Alonso, seeking the reversal thereof, and praying that an order issue to the registrar to make the cancellation sought, the registrar having in turn presented a written statement in support of his decision.

According to subdivision 1 of article 140 of the Regulations for the execution of the Mortgage Law, one of the cases in which the cancellation of a cautionary notice lies is when by final judgment, from which no appeal in cassation (now appeal) has been taken, the defendant is released from the claim to ownership, entered in accordance with the first subdivision of article 42 of the law, which includes this case, inasmuch as by final judgment of the District Court of Arecibo, affirmed by this Supreme Court, the action brought by Antonio Puente y Leal for the annulment of the contract of purchase and sale of the estate of Dionicia Freytes, was dismissed, and a cautionary notice thereof was entered in the registry of property. This notice, consequently, no longer answers any purpose, and it should be canceled in accordance with the provisions of the article cited of the Regulations for the execution of the Mortgage Law.

·Although articles 82 and 84 of said law prescribe that cautionary notices entered by virtue of judicial orders cannot be canceled except by. a final order from which no appeal is pending, and that the judge or court which ordered the entry, or the one who may legally have succeeded him in the cognizance of the matter which gave rise thereto, will have jurisdiction to order the cancellation, these provisions of the law are more than fully complied with in this case, inasmuch as there is a final judgment rendered by the said District Court of Arecibo which ordered the entry, and which dismisses the action for annulment which was the object of the entry; and although said judgment does not expressly order the cancellation of said encumbrance, this is no obstacle to the cancellation being made as the action for annulment which gave rise to the cautionary notice, having been dismissed, such notice no longer answers any purpose, as occurs in the case referred to in subdivision 2 of said article 140 of the Regulations, according to which, if the plaintiff shall abandon the action or withdraw therefrom, the presentation to the registrar of the order in ·such form as to establish some of said points, will be sufficient authority for the registrar to make the cancellation. This provision did not exist in the mortgage regulations of Spain, but was introduced in those in force in this Island, and may, by analogy, be applicable in this case.

In view of the legal provisions cited, the decisions of the Registrar of Property of Arecibo, denying the cancellation applied for by the appellant, Ignacio Franco y Alonso, is reversed, and such cancellation is ordered made by the registrar; and it is ordered that the documents presented be returned together with a certified copy of this decision for compliance therewith, and other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.